**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ELLIOTT R. SCHNEIDER,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-24-2415** |
| **J. PHILLIP MORGAN,** *et al.*, | * | |
| **Defendants.** | * | |

**MEMORANDUM OPINION**

Elliott R. Schneider, who is proceeding without counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Commissioner J. Phillip Morgan, Warden William Bohrer, Division of Correction Transfer Coordinator David Ibgeara, and the unidentified "Case Management Transfer Coordinator" of the Maryland Correctional Training Center ("MCTC").[1] Schneider claims that his First and Fourteenth Amendment rights were violated when he was transferred from MCTC to Maryland Correctional Institution – Hagerstown ("MCIH") in retaliation for using the prison grievance process. The defendants have filed a motion to dismiss or, in the alternative, for summary judgment. The motion is unopposed. For the following reasons, the defendants' motion, treated as a motion to dismiss, is granted.

**I.    Background**

Schneider alleges the following in his complaint.

On January 14, 2021, while housed at MCTC, Schneider wrote a letter to the warden. ECF 1, at 8. When two weeks had passed and he had not received a response, Schneider filed an informal complaint alleging that his civil rights had been violated when "strict COVID-19 Personal

---

[1] The Clerk shall correct the spelling of Ibgeara's name on the docket.

Protective Equipment . . . protocols" were not followed. *Id.* Schneider did not receive a satisfactory answer to this complaint, so he filed requests for administrative remedy ("ARPs"). *Id.*

On March 10, 2021, after Schneider had pursued his ARPs "through some of the various appeal steps within the ARP process," he "was advised by MCTC . . . staff he was to be transferred to another prison facility." *Id*. "This transfer was in clear contravention to established COVID-19 regulations[.]" *Id*. At this point, Schneider had been "housed at MCTC for more than a decade without incident." *Id.* at 9.

Schneider was transferred to MCIH on March 12, 2021. *Id.* at 3. On the day Schneider was transferred, Lt. Draper, the ARP Coordinator at MCTC, told Schneider "he was being transferred for 'rocking the boat'" and that he "should have expected a transfer after putting forth the challenges he did through the ARP process at MCTC." *Id*. at 8–9.

As a result of the transfer, Schneider "lost his institutional job assignment[.]" *Id.* at 9. This job had allowed Schneider to earn a total of ten diminution of confinement credits ("diminution credits") "per month of successful job completion." *Id.*

On August 20, 2024, Schneider filed this suit. The defendants are correctional officials at various levels of the chain of command who Schneider alleges were involved in the decision to transfer him. *Id.* at 9–11. Schneider has sued all defendants in their official capacities and does not bring any individual-capacity claims. *See id.* at 5–7 (emphasizing that Schneider sues each defendant in their "official capacity only"). He seeks punitive and compensatory damages. *Id.* at 12. He also seeks the restoration of his lost diminution credits and states that if he had these credits, he "would now be free from incarceration." *Id.*

The defendants filed a motion to dismiss or, in the alternative, for summary judgment on April 21, 2025. ECF 13. Schneider sought and was granted an extension of time to file a response,

2

ECF 16 & 17, but did not do so by the deadline and has not done so to date. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025).

## II.     Standard of Review

The defendants have moved to dismiss Schneider's complaint for failure to state a claim or, in the alternative, for summary judgment. The Court treats the motion as a motion to dismiss.

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the court must accept the allegations as true and "draw all reasonable inferences in favor of" the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765 (4th Cir. 2022) (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)). But the court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir.

3

2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

The court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The court also may consider judicially noticed facts and documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015); Fed. R. Evid. 201(b).

Schneider does not have counsel. "[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the court] to attempt to 'discern the unexpressed intent of the plaintiff'"; the court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King*, 825 F.3d at 214).

### III.    Discussion

Schneider has sued the defendants in their official capacities only, seeking damages and the restoration of his diminution credits. The defendants insist they are immune from suit in their official capacities.

Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and its departments are immune from suits in federal court brought by its citizens or the citizens of another state unless the state consents. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Because a suit against a state official in his official capacity is tantamount to a suit against the state itself, *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985), state officials sued in their official capacity also enjoy Eleventh Amendment immunity, *see Indus. Servs. Grp., Inc. v. Dobson*, 68 F.4th 155, 163 (4th Cir. 2023). Thus, under the Eleventh Amendment, the defendants, state officials who have been sued in their official capacities, are immune from Schneider's claims unless an exception to Eleventh Amendment immunity applies.

While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. In addition to consent, there are two other exceptions to Eleventh Amendment immunity: (1) when it is abrogated by Congress; and (2) when the plaintiff seeks "prospective injunctive relief against state officials acting in violation of federal law." *See Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012) (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). The first exception, abrogation by Congress, does not apply here. Congress did not abrogate Eleventh Amendment immunity for § 1983 claims in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

The second exception also does not apply with respect to either of Schneider's claims for relief. Damages are neither prospective nor injunctive relief. *See Republic of Paraguay v. Allen*, 134 F.3d 622, 628 (4th Cir. 1998) ("Money damages are probably the purest and most recognizable form of retrospective relief[.]"). Nor is the restoration of Schneider's diminution credits prospective relief, even though Schneider seeks to accomplish it through an injunction. Relief is retrospective, rather than prospective, when it seeks to "undo accomplished state action[.]" *Id.* That is precisely what Schneider seeks to do here: undo the deprivation of his diminution credits by the State of Maryland. He cannot obtain such relief in an official-capacity suit.[2]

Schneider's claims against the defendants in their official capacities are barred by the Eleventh Amendment and are dismissed without prejudice.

## IV.     Conclusion

The defendants' motion to dismiss or, in the alternative, for summary judgment, treated as a motion to dismiss, is granted. A separate Order follows.

Date: March 25, 2026

_____
Deborah L. Boardman
United States District Judge

---

[2] Even if Schneider's request for the restoration of diminution credits were not barred by the Eleventh Amendment, it still would not be cognizable in this § 1983 action. Under *Preiser v. Rodriguez*, 411 U.S. 475, 476–77 (1973) and its progeny, a prisoner may not seek restoration of diminution credits in a § 1983 action when doing so would "necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Such a claim must instead be brought through a petition for a writ of habeas corpus. *Id.* at 81. If this Court were to restore Schneider's diminution credits, that would mean that his release date—i.e., the duration of his confinement—is invalid. Schneider can only obtain such relief through a habeas petition.

6